**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **Heyam Hajmohammad,** | ) | Civ. No. 3:07-CV-0215-N |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **FIRST AMENDED** |
| v. | ) | **PETITION FOR** |
| | ) | **HEARING ON** |
| Anne K. Barrows, District Director U.S. | ) | **NATURALIZATION &** |
| Citizenship & Immigration Services; | ) | **FOR DECLARATORY** |
| Dr. Emilio Gonzalez, Director U.S. | ) | **RELIEF** |
| Citizenship & Immigration Services; | ) | |
| Michael Chertoff, Secretary Department | ) | |
| of Homeland Security; Alberto R. | ) | **Alien No. A74 089 001** |
| Gonzales, U.S. Attorney General; Robert | ) | |
| S. Mueller III, Director, Federal Bureau | ) | |
| of Investigation ("FBI"), | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Plaintiff, by her attorney, files this first amended petition. The amended petition states the following:

1. Plaintiff is an individual and resident of the United States who resides within the jurisdiction of this Court. Plaintiff has been a Lawful Permanent Resident of the United States since 1998. Her application for naturalization has been unlawfully and unreasonably delayed for almost four years. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiff's claim arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. §1101 *et seq.,* and regulations arising thereunder. This Court also has jurisdiction under 8 U.S.C. §1447(b) to adjudicate the naturalization application of Plaintiff because the responsible agency, the United States Citizenship and Immigration Services ("CIS"), has failed to adjudicate the application despite the passage of more than 120 days since the date of her naturalization examination. This Court also has jurisdiction under 28 U.S.C. §2201

Hajmohammad v. Barrows, et. al. – Civ. No. 3-07CV0215-N – First Amended Petition – Pg. 1

(Declaratory Judgment Act) and 5 U.S.C. §701 *et seq.* (Administrative Procedure Act). This Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§1361, 2202, and 5 U.S.C. §702.

2.   Anne Barrows, the Defendant herein, is the District Director of the CIS and is sued herein in her official capacity and as the officer with responsibility over the processing of the naturalization application.  Defendant, Alberto R. Gonzales, as the Attorney General of the United States, is sued under statute which confers on the Attorney General the "sole authority to naturalize persons as citizens of the United States."  Defendant, Dr. Emilio Gonzalez is the Director of the CIS and is sued herein in his official capacity and as the officer with responsibility over the processing of the naturalization application.  Defendant, Michael Chertoff is the Secretary of the Department of Homeland Security and is sued herein in his official capacity as the officer with responsibility over the processing of the naturalization application. Defendant, Robert S. Mueller III, is the Director of the Federal Bureau of Investigation ("FBI"), an agency within the United States Department of Justice ("DOJ").  The FBI performs name checks and additional background checks on all applicants for naturalization at the request of CIS.  Defendants collectively are responsible for the grant or denial of naturalization applications filed within the Dallas CIS district pursuant to 8 U.S.C §1421, 8 U.S.C §1427, 8 CFR §103.1(g)(2)(ii), 8 CFR §310.2 and 8 CFR §316.3.

3.   Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and §1391(e) because Defendants are officers or employees of agencies of the United States government, acting in their official capacity under color of legal authority, and a substantial portion of the events and omissions giving rise to the claims herein occurred in this District, and all plaintiffs reside in this District. No real property is involved in this action.

4. Plaintiff has been unlawfully deprived of naturalization for over three years because of unreasonable and extraordinary agency delays. Plaintiff applied for naturalization on April 17, 2003. On October 8, 2003, Plaintiff fulfilled all of the statutory requirements for naturalization when she passed her naturalization examination. Defendants' agent informed Plaintiff that only the background checks was pending and that she would be contacted regarding the scheduling of her oath ceremony. Thereafter, Plaintiff has repeatedly sought adjudication of her application. However, Plaintiff has been informed repeatedly that security checks ("name checks") are still pending. To date, Plaintiff's application for naturalization has not been adjudicated. Plaintiff has exhausted all administrative remedies available. CIS has failed to adjudicate Plaintiff's application within 120 days of the date of her naturalization examination, as required by law.

5. Plaintiff has been denied her statutory right to naturalize solely because of the bureaucratic failings and inaction of CIS and the FBI. CIS has delayed the adjudication of Plaintiff's naturalization application because it has delegated to the FBI a new form of security check called a "name check." The FBI has willfully and unreasonably delayed Plaintiff's "name check" for almost four years. As a result of the agencies' failure to adjudicate her application for citizenship, Plaintiff is unable to sponsor her immediate relatives who live abroad for Lawful Permanent Residency. She is also unable to apply for business benefits reserved exclusively for United States citizens and travel using a United States passport. In addition, Plaintiff is unable to vote in elections, serve on juries, and enjoy the other rights and responsibilities of U.S. citizenship.

6. Defendants are officials of the two government agencies that have failed to adjudicate Plaintiff's naturalization application within the time periods prescribed by law. The exceptionally long delays in adjudication are caused by Defendants' unwillingness to complete in a timely

fashion a background check. Despite the fact that Plaintiff has been waiting for over three years since passing her naturalization examination, Defendants refuse to set any deadlines for completion of these background checks and process Plaintiff's application. As a result of this unreasonable inaction, Defendants are depriving Plaintiff of the rights and benefits of U.S. citizenship.

7. Federal immigration law allows persons who have been residing in the United States as Lawful Permanent Residents to become United States citizens through a process known as naturalization. A person seeking to naturalize must meet certain requirements, including demonstrating an understanding of the English language and history and civics of the United States; a sufficient period of physical presence in the United States; and good moral character. 8 U.S.C. §§1423, 1427(a).

8. Persons seeking to naturalize must submit an application for naturalization to CIS. 8 U.S.C. §1445. CIS is the agency responsible for adjudicating naturalization applications. 8 C.F.R. §100.2. Once an application is submitted, CIS conducts a background investigation of each naturalization applicant. 8 U.S.C. §1446(a); 8 C.F.R. §335.1. According to CIS regulations, the background investigation includes a full criminal background check performed by the FBI. 8 C.F.R. §335.2. After the background investigation is completed, CIS schedules a naturalization examination, at which an applicant meets with a CIS examiner who is authorized to ask questions and take testimony. The CIS examiner must determine whether to grant or deny the naturalization application. 8 U.S.C. §1446(d). CIS must grant a naturalization application if the applicant has complied with all requirements for naturalization. 8 C.F.R. §335.3. Furthermore, CIS must grant or deny a naturalization application at the time of the examination or, at the

latest, within 120 days after the date of the examination. 8 C.F.R. §335.3. Once an application is granted, the applicant is sworn in as a United States citizen.

9. Since September 11, 2001, CIS has added, without promulgating any regulation, a new type of background check to the naturalization process, called a "name check." A "name check" is a check of FBI records based on the full name of the applicant. The "name check" is conducted by FBI personnel through manual and electronic searches of the FBI's centralized records. CIS requests the FBI to conduct "name checks" on all applications for naturalization.

10. CIS does not adjudicate applications for naturalization until it receives a completed "name check" from the FBI. Neither CIS nor the FBI impose any time limits for completion of "name checks." The FBI claims that CIS determines the order of resolution of the requested "name checks," and CIS claims that it cannot ask or require the FBI to complete "name checks" within any particular timeframe.

11. When CIS fails to adjudicate a naturalization application within 120 days of the examination, the applicant may seek de novo review of the application by a district court. 8 U.S.C. § 1447(b). When the applicant requests district court review, the district court gains exclusive jurisdiction over the application, *United States v. Hovsepian,* 359 F.3d 1144 (9th Cir. 2004), and it may naturalize the applicant. 8 U.S.C. § 1447(b).

12. The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of

statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13).

13. The failure of Defendants Barrows, Chertoff and Emilio Gonzalez to adjudicate Plaintiff's application for naturalization within 120 days of the date of the naturalization examination on the basis of "name checks," is in violation of 8 U.S.C. § 1446(d) and 8 C.F.R. § 335, violates the Administrative Procedure Act, 5 US.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

14. The failure of Defendants Alberto Gonzales and Mueller to timely complete "name checks," with the full knowledge that CIS requires the completion of such "name checks" for adjudication of the application for naturalization of plaintiff, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 US.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

15. The failure of Defendants to set deadlines for completing "name checks" and to take all the other reasonable steps necessary to complete the adjudication of the application for naturalization of plaintiff, violates 8 U.S.C. § 1446(d) and 8 C.F.R. § 335, and the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 US.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

16. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer injury. Plaintiff seeks declaratory and injunctive relief to require the Defendants to adjudicate her application for naturalization within the time periods prescribed by law, and ask the Court to declare the agency delays to be in violation of immigration laws and regulations and laws governing administrative agency action. In addition, Plaintiff requests that the Court review her application *de novo* and naturalize her as a United States citizen, pursuant to 8 U.S.C. § 1447(b).

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Grant the application of Plaintiff, and give the Plaintiff her oath of citizenship, or, in the alternative, remand and order Defendant CIS to administer the oath of citizenship to Plaintiff within 30 days or less of the order.

2. Direct Defendant CIS to promptly issue Plaintiff's Certificate of Naturalization, whether naturalized by this Court or by Defendant CIS.

3. Award reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act, and as permitted by equity and any other statute.

4. Grant any and all further relief this Court deems just and proper.

    Respectfully Submitted,

     /s/ Husein A. Abdelhadi
    Husein A. Abdelhadi
    Abdelhadi & Associates, PC
    816 Oakwood Tower
    3626 N. Hall Street
    Dallas, Texas 75219
    (214) 219-8803 Tel.
    (214) 219-8804 Fax
    www.aalaw.net

    ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  I herby certify that on April 26, 2007, I electronically filed the foregoing document with the clerk of the court of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  Summons with a copy of the foregoing document was served directly to Robert S. Mueller III, Director FBI.

                  /s/ Husein A. Abdelhadi
                 Husein A. Abdelhadi
                 Attorney for Plaintiff

**CERTIFICATE OF INTERESTED PERSONS**

| | | |
|---|---|---|
| **Heyam Hajmohammad,** | ) | **Civ. No. 3:07-CV-0215-N** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **FIRST AMENDED** |
| **v.** | ) | **PETITION FOR** |
| | ) | **HEARING ON** |
| **Anne K. Barrows, District Director U.S.** | ) | **NATURALIZATION &** |
| **Citizenship & Immigration Services; Dr.** | ) | **FOR DECLATORY** |
| **Emilio Gonzalez, Director U.S.** | ) | **RELIEF** |
| **Citizenship & Immigration Services;** | ) | **Alien No. A74 089 001** |
| **Michael Chertoff, Secretary Department** | ) | |
| **of Homeland Security; Alberto R.** | ) | |
| **Gonzales, U.S. Attorney General; Robert** | ) | |
| **S. Mueller III, Director, Federal Bureau** | ) | |
| **of Investigation ("FBI"),** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made pursuant to Local Rule 3.1(f).

1. Anne K. Barrows, USDHS, Director of C.I.S., Dallas District – Defendant

2. Alberto R. Gonzales, USDOJ, Attorney General – Defendant

3. Michael Chertoff, Secretary of the Department of Homeland Security – Defendant

4. Emilio Gonzalez, USDHS, Director, C.I.S – Defendant

5. Robert S. Mueller III, Director, Federal Bureau of Investigation ("FBI") – Defendant

6. Husein A. Abdelhadi – Counsel for Plaintiff

7. Heyam Hajmohammad – Plaintiff

                                                              /s/ Husein A. Abdelhadi
                                                                  Husein A. Abdelhadi
                                                                 Attorney for Plaintiff

## LIST OF ATTACHMENTS

Plaintiff incorporates previously submitted exhibits in Original Petition for Hearing on Naturalization as if re-attached herein.  Exhibits only submitted to additional defendant Robert S. Mueller III, Director, Federal Bureau of Investigation ("FBI") with this amended petition.